**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TINA BURRIS,              )<br>                                       )<br>   *Plaintiff*                        )<br>                                       )         CASE NO. 3:20-CV-01450<br>v.                                     )<br>                                       )<br>ETHICON, INC. and JOHNSON &  )         JUDGE JEFFREY J. HELMICK<br>JOHNSON,                        )<br>                                       )<br>   *Defendants*.                  )<br>                                       ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR
PARTIAL SUMMARY JUDGMENT TO REDUCE ISSUES FOR TRIAL**

Plaintiff's lawsuit concerns 2 mesh products: the Prolift and the TVT-S. Plaintiff cannot establish a prima facie case on her design defect claims against either product. And she cannot establish any claims against the TVT-S. Design defect and the TVT-S in its entirety should be excised from the case altogether. In accordance with this Court's Order dated October 21, 2020 (Doc. No. 84) and pursuant to Fed. R. Civ. P. 1 and 16,[1] Defendants respectfully ask this Court to exercise its discretion to manage its docket and permit Defendants to file a supplemental partial summary judgment motion which will streamline the issues for trial.[2] Because most of Plaintiff's remaining claims[3] could not survive a motion for judgment as a matter of law at trial,

---

[1] *See* Fed. R. Civ. P. 1 (stating that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); Fed. R. Civ. P. 16(c)(2)(A), (E), (P) (providing examples of procedures for the district court to simplify issues and eliminate claims).

[2] Defendants' proposed Supplemental Motion for Partial Summary Judgment and Supporting Memorandum are attached as Exhibit 1.

[3] Plaintiff has already conceded to the dismissal of thirteen of her claims. *See* Doc. No. 48, Pl.'s Resp. to Defs.' Mot. for Part. Summ. Jdmt., at 1 n.1 (11/11/19) ("Plaintiff agrees that Ohio law applies to the substantive issues raised in Defendants' motion, and does not oppose Defendants' motion for summary judgment as to Counts I (negligence), II (strict liability manufacturing defect); IV (strict liability defective product); VI (common law fraud), VII (fraudulent concealment), VIII

*see* Fed. R. Civ. P. 50(a), it serves the interests of justice and judicial economy to permit briefing on these issues now.

In particular, for the design defect claim, Plaintiff requires expert proof of a feasible alternative design for the Prolift and for the TVT-S that would have prevented Ms. Burris's injuries. Plaintiff cannot establish that here because Dr. Galloway, her only medical case-specific expert, does not offer opinions on alternatives for the mesh devices at issue that would have prevented her injuries. At best, he proffers only irrelevant alternative surgical procedures or biologics that would not have prevented her injuries; none is enough to establish a prima facie claim. *Simpson v. Johnson & Johnson*, No. 5:20-cv-01237, 2020 WL 5630036, at *3 (N.D. Ohio Sept. 21, 2020) (noting that alternative surgical procedures do not constitute a safer alternative design to mesh device).

In addition, Dr. Galloway does not attribute any past or present injury to the TVT-S device at all, and his opinion concerning future injury from the TVT-S is wholly speculative. Thus, Plaintiff's claims related to the implantation of the TVT-S device cannot survive directed verdict. *Parsley v. Hamilton Beach/Proctor Silex, Inc.*, 494 F. Supp. 2d 858, 832 (S.D. Ohio

---

(constructive fraud), IX (negligent misrepresentation); X (negligent infliction of emotional distress), XI (breach of express warranty), XII (breach of implied warranty, XIII (violation of consumer protection laws), XIV (gross negligence), or XV (unjust enrichment)"). That leaves two substantive claims: failure to warn (Count III) and design defect (Count V).

While Plaintiff also asserts a "claim" for Discovery Rule and Tolling (Count XVIII), the discovery rule is not an independent claim, but rather is a doctrine affecting the commencement of the statute of limitations and is not at issue here. *See*, *e.g.*, *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litg.*, 45 F. Supp. 3d 706, 721-22 (N.D. Ohio 2014) (describing application of the discovery rule in determining when a plaintiff's claim accrues for limitations purposes). In addition, Punitive Damages (Count XVII) is not a separate claim. *Cutter v. Ethicon, Inc.*, No. 5:19-cv-443-DCR, 2020 WL 109809, at *10 (E.D. Ky. Jan. 9, 2020) ("[a] claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action.").

2007) (prima facie strict liability claim requires proof, among other things, that the product defect "was the direct and proximate cause of the plaintiff's injuries or loss."); *Abt v. Ethicon, Inc.*, No. 1:20-CV-0047 SRC, 2020 WL 4887022, at *3 (E.D. Mo. Aug. 20, 2020) (granting summary judgment on design defect claim where expert did not connect plaintiff's injury to a product defect as the law required).

There are valid grounds for judgment on these claims, and Defendants expressly reserved the right to raise these issues on remand. Defs.' Mem. Supp. Partial Summ. Jdmt., Doc. No. 37 at 1, n.1 (10/28/19) ("By moving for summary judgment on some issues and not others, Defendants are not waiving or abandoning their right to assert their arguments on those issues under the applicable federal or local rules of procedure at such other time(s) as the remand or transferor court deems appropriate."). It is in the interests of justice and judicial economy to permit Defendants to address these issues now rather than at the directed verdict stage, thus streamlining the issues for trial. Streamlining will reduce the duration of this trial, reduce the number of witnesses to be called, and will reduce the burden on the court, the jury and the parties of trying issues that cannot prevail.

## THE COURT SHOULD ALLOW BRIEFING

This Court has broad discretion to allow a supplemental motion for summary judgment. *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006) (parties "are not limited to one summary judgment motion" and "no principle of waiver or preservation" prevents a party from raising a new argument in a successive motion); *Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:06-cv-443, 2010 WL 11538539, at *4 (S.D. Ohio Sept. 28, 2010) (permitting successive summary judgment motion when both parties had opportunity to fully brief the issues, and "if dismissal pursuant to Rule 56(c) is proper, it is in the interest of

judicial economy to do so."), *aff'd*, 691 F.3d 821 (6th Cir. 2012). The United States Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962)).

Other federal district courts in Ohio have granted motions for leave to file a supplemental summary judgment motion, finding that it was appropriate to exercise its discretion to allow it. Ex. 2, *Moore v. Ethicon, Inc.*, No. 1:20-cv-00933-PAB, Doc. No. 55 (N.D. Ohio Aug. 25, 2020); Ex. 3, Order, *Dates v. Ethicon, Inc.*, No. 2:20-cv-2187, Doc. No. 62 (S.D. Ohio June 30, 2020); Ex. 4, *Cannon v. Ethicon, Inc.*, No. 1:20-cv-00523, Doc. No. 48, Minutes of Proceedings (status conference) (N.D. Ohio Mar. 17, 2020) (permitting Defendants to file an amended motion for summary judgment). Finding that it is within a district court's discretion to permit a second summary judgment motion, the *Dates* court ruled (and the *Moore* court agreed):

> It is a good use of judicial resources to review whether these claims can be decided as a matter of law and avoid the burdens and expense of trial. At the very least, even if some or all of the motion is denied, the Court's decision will sharpen the issues for trial. Plaintiff will have a full opportunity to respond to Defendants' second motion, so she will suffer no prejudice.

Ex. 3, *Dates* Order at 1-2. The same rationale applies here because the issues will be sharpened for trial if Defendants' motion is granted, thus reducing the duration and expense of trial and reducing the witnesses to be called at trial.

The District Court in South Carolina is also in accord and granted leave to file a supplemental summary judgment motion, expressly finding that the MDL deadlines did not preclude a supplemental summary judgment motion on remand:

> Turning to the substance of the motion [for leave to file a dispositive motion], the court finds that the grounds raised in the supplemental motion are not waived.

4

> *See Rogers v. Unionmutual Stock Life Ins. of Am.*, 782 F.2d 1214, 1215 (4th Cir. 1986). . . . [T]he court also finds that the Transfer Order . . . notes that the parties have had time to file dispositive and *Daubert* motions, responses and replies. *Id.* But it leaves "final resolution of these cases" to the receiving court, finding "the cases would be more expeditiously concluded in the venues from which they arise." *Id.*

Ex. 5, *Mitchell v. Ethicon, Inc.*, No. 8:19-cv-03085, Dkt. No. 84 (D.S.C. June 8, 2020) (emphasis added). Likewise, the transfer order here, which is identical to the order in *Mitchell*, defers final resolution of this case to this Court. Order, Doc. No. 55 (June 17, 2020) at 1; *see also* Ex. 6, *Massoudi v. Ethicon, Inc.*, No. 2:20-cv-03944, ECF No. 90 (C.D. Cal. Aug. 11, 2020) ("[A]s the Defendants will have the opportunity to raise this issue at trial if not litigated at summary judgment, the Court finds it is in the interest of a just and speedy resolution of this lawsuit to address it at this earlier juncture.").[4]

Defendants' supplemental summary judgment motion will not impact the schedule for this case, and it could streamline the issues for trial. Plaintiff simply does not have the proof she needs to make a prima facie case on her design defect claims for either product or for any claim whatsoever related to the TVT-S. *Terry v. Caputo*, 875 N.E.2d 72, 77 (Ohio 2007); *Hutchens v. Abbott Labs., Inc.*, No. 1:14CV176, 2016 WL 5661582, at *4 (N.D. Ohio Sept. 30, 2016) (summary judgment proper in the light of "the absence of expert testimony that a feasible alternative design would have *prevented* the harm") (emphasis added).

Because these issues will be raised by Defendants at trial on directed verdict or in post-trial motions, it is best for all concerned to address them now. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 911-12 (9th Cir. 2010) ("district courts have discretion to entertain successive motions for

---

[4] The vast majority of courts with cases remanded from the same MDL that have considered whether to allow supplemental summary judgment briefing on remand have permitted it, by Defendants' count at the time of filing this motion, approximately 72-18.

5

summary judgment" and "[a]llowing a successive summary judgment motion potentially can save all concerned the far greater expenses of a trial."); *Martin v. Cinergy Corp.*, No. 02-201-DLB, 2006 WL 6353628, *1 (E.D. Ky Dec. 12, 2006) ("[T]he issue of whether a legal duty was owed is a threshold concern that is reasonable and appropriate to address at this stage, prior to the time and expense of preparing for trial. Moreover, given the complexity of this case, its duration on the Court's docket, and that a trial date has not yet been set, any prejudice to Plaintiff in permitting these motion filings is minimal and outweighed by the need to address the substance of this legal argument.").

## CONCLUSION

For these reasons, Defendants respectfully request that they be permitted to file their proposed supplemental motion for partial summary judgment and supporting memorandum on the issues of design defect and Plaintiff's claims related to the TVT-S device.

Respectfully submitted,

/s/ *Jennifer L. Steinmetz*
Jennifer L. Steinmetz (0088589)
Erica M. James (0086799)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Tel:  216.592.5000
Fax:  216.592.5009
E-mail:  jennifer.steinmetz@tuckerellis.com
erica.james@tuckerellis.com

*Attorneys for Ethicon, Inc. and Johnson & Johnson*

**CERTIFICATE OF SERVICE**

I hereby certify that on a copy of the foregoing Defendants' Motion for Leave to File Supplemental Motion for Partial Summary Judgment to Reduce Issues for Trial was filed electronically. Service of this filing will be made by operation of the Court's electronic filing system.

*/s/ Jennifer L. Steinmetz*
Jennifer L. Steinmetz (0088859)
*Attorney for Defendants Ethicon, Inc. and Johnson & Johnson*
