IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TINA BURRIS,**                                               CASE NO. 3:20 CV 1450

      Plaintiff,

      v.                                                 JUDGE JAMES R. KNEPP II

**ETHICON INC., et al.,**

      Defendants.                              **ORDER**

This case was transferred to this Court from the United States District Court for the Southern District of West Virginia where it was part of MDL 2327, *In re Ethicon, Inc. Pelvic Repair System Products Liability Litigation*. *See* Doc. 68. At the time of transfer, this case had three fully-briefed pending motions the MDL court had not addressed: Defendants' Motion for Partial Summary Judgment (Doc. 36), Defendants' Motion to Exclude the Case-Specific Opinions and Testimony of Niall Galloway, M.D. (Doc. 39), and Defendants' Motion to Exclude the Case-Specific Opinions and Testimony of Robert Tremp, Jr. MA, CRC, CLCP, LAC (Doc. 41).

After transfer, Defendants filed two additional motions: a Motion for Leave to File Partial Summary Judgment to Reduce Issues for Trial (Doc. 86) and a Motion for Leave to File Supplemental Motion to Limit the Opinions and Testimony of Niall Galloway, M.D. (Doc. 85). Plaintiff opposes both (Docs. 88, 89), and Defendants have replied (Docs. 91, 93). The Court addresses three of these motions below, and reserves ruling on two.

Motion for Partial Summary Judgment (Doc. 36)

Defendants moved for partial summary judgment in the MDL court, asserting they were entitled to judgment on Counts I (negligence), II (strict liability manufacturing defect), IV (strict

liability defective product), VI (common law fraud), VII (fraudulent concealment), VIII (constructive fraud), IX (negligent misrepresentation), X (negligent infliction of emotional distress), XI (breach of express warranty), XII (breach of implied warranty), XIII (violation of consumer protection laws), XIV (gross negligence), and XV (unjust enrichment). (Doc. 36). Plaintiff did not oppose the motion as to the cited counts. *See* Doc. 48, at 1. Therefore, Defendants' motion for summary judgment on these counts is GRANTED. This leaves Plaintiff's remaining claims for failure to warn and design defect (Counts III and V).

Motions for Leave to File (Docs. 85, 86)

Defendants now request leave to file two motions – a supplemental motion for partial summary judgment, and a supplemental motion to limit Dr. Galloway's expert testimony. *See* Docs. 85, 86. They argue these motions will streamline the issues for trial. Plaintiff opposes, asserting Defendants have not shown "good cause" to modify the scheduling order as required by Federal Civil Rule 16 and that permitting the supplemental motions undermines the MDL statute. *See* Docs. 88, 89. For the reasons stated below, the Court finds the interests of judicial economy support granting the leave requested.

Defendants first seek leave to file a motion for partial summary judgment asserting Plaintiff cannot succeed on her design defect claim because she lacks the required expert proof regarding an alternative design as to both the Prolift or TVT-S mesh devices. *See* Doc. 86. Further, Defendants wish to argue Plaintiff cannot succeed on any claim related to the TVT-S device because she cannot prove injury. *Id.* They seek to file a related supplemental motion to limit or exclude Dr. Galloway's opinions regarding these issues. *See* Doc. 85.

It is within this Court's discretion to permit a successive motion for summary judgment. *Lexicon, Inc. v. Safeco Ins. Co. of Am., Inc.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006). Defendants

2

cite several cases in which other transferee courts from this MDL have permitted second or supplemental summary judgment motions. Plaintiff cites others to the contrary. This case differs from several cited by Defendants because granting their supplemental summary judgment motion would not resolve the entire case. But if Defendants' motion is granted, the issues remaining for trial will be narrowed. And regardless of the outcome, as another transferee court explained in granting leave to file a successive summary judgment motion in a case from the same MDL:

> It is a good use of judicial resources to review whether these claims can be decided as a matter of law and avoid the burdens and expense of trial. At the very least, even if some or all of the motion is denied, the Court's decision will sharpen the issues for trial.

*Dates v. Ethicon, Inc.*, No. 2:20-cv-2187 (S.D. Ohio) (Doc. 62). This rationale applies equally where the duration or complexity of a trial may be reduced.

The Court is not swayed by Plaintiff's Rule 16 argument. Federal Rule of Civil Procedure 16 does provide a court's scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). But as another transferee court explained: "While this court recognizes that Defendants fail to provide an explanation for why these arguments were not raised in the first motion, the court finds that it must exercise its discretion in favor of judicial economy and efficiency." *Mitchell v. Ethicon, Inc.*, No. 8:19-cv-3085 (D.S.C.) (Doc. 84); *see also Massoudi v. Ethicon, Inc.*, No. 2:20-cv-3944 (C.D. Cal.) (Doc. 90) ("Defendants . . . offer little in the way of good cause for their delay aside from the fact that they were contending with an extremely large volume of cases at the time . . . However, as the Defendants will have the opportunity to raise this issue at trial if not litigated at summary judgment, the Court finds it is in the interest of a just and speedy resolution of this lawsuit to address it at this earlier juncture."). Further, the Court finds this action is not contrary to the transfer order. That order states "[f]or

3

the convenience of the parties and in order to promote final resolution of these cases, it appears to the court that the cases would be more expeditiously concluded in the venues from which they arise." (Doc. 55, at 1). The court "urge[d] the receiving court to immediately set these cases for trial without reopening discovery", explaining that "[f]urther discovery will only result in unjust delay." *Id.* at 1-2. The MDL court expressly left final resolution of this case to this Court and this ruling will not result in unjust delay. Moreover, this Court has inherent authority to control its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (a court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Because permitting the supplemental motion will, at a minimum, sharpen the issues for trial, the Court grants the leave requested.

The Court also finds it appropriate to permit Defendants' leave to file their supplemental *Daubert* motion regarding Dr. Galloway for the same reasons. The Court will need to address the issues raised, either now or at trial. Interests of judicial efficiency support evaluating these issues now, thus narrowing, or at least sharpening whatever issues remain for trial.

Remaining Motions (Docs. 39, 41)

This leaves pending Defendants' original Motions to Limit/Exclude Testimony. (Docs. 39, 41). The Court defers ruling on these motions until the supplemental motions become decisional.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is hereby

ORDERED that Defendants' Motion for Partial Summary Judgment (Doc. 36) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendants' Motion for Leave to File a Supplemental Motion for Partial Summary Judgment (Doc. 86) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendants' Motion for Leave to File Supplemental Motion to Limit the Opinions and Testimony of Niall Galloway, M.D. (Doc. 85) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Defendants shall electronically file the above-referenced supplemental motions on this Court's docket on or before **January 11, 2021**.

  s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE