**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TINA BURRIS,<br><br>        Plaintiff,<br><br>     v.<br><br>ETHICON, INC., and JOHNSON &<br>JOHNSON,<br><br>        Defendants. | ) CASE NO. 3:20-cv-01450-JRK<br>)<br>) JUDGE JAMES R. KNEPP II<br>)<br>)<br>) **JOINT PROPOSED JURY**<br>) **INSTRUCTIONS, JURY**<br>) **INTERROGATORIES, AND JURY**<br>) **VERDICT FORMS**<br>) |

Under this Court's September 23, 2021 Order (Doc. 111), the parties were to jointly submit an agreed-upon set of jury instructions. Towards that end, Defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") jointly with Plaintiff Tina Burris propose the following jury instructions, divided into two areas: instructions to be given at the beginning of trial; and instructions to be given at the close of evidence. Per this Court's Order, any area on which the parties disagree is noted below, offering alternate language as appropriate.

The parties submit these Proposed Instructions prior to the Court's rulings on, among other things, motions *in limine*, deposition designations, and evidentiary objections at trial and without knowing precisely which witnesses will be called at trial. These instructions are therefore premised on the issues that the parties understand to be in the case. By submitting these Proposed Instructions, the parties do not waive any of their objections or arguments.

# TABLE OF CONTENTS

**Page**

JURY INSTRUCTIONS ................................................................................1

    PROPOSED JURY INSTRUCTION NO. 1 – Province Of Judge And Jury ...............1

    PROPOSED JURY INSTRUCTION NO. 2 – Jury Conduct ......................................2

    PROPOSED JURY INSTRUCTION NO. 3 – Juror Use Of Electronic Technology ...4

    PROPOSED JURY INSTRUCTION NO. 4 – Claims And Defenses.........................5

    PROPOSED JURY INSTRUCTION NO. 5 – Evidence In The Case ........................6

    PROPOSED JURY INSTRUCTION NO. 6 – Burden Of Proof.................................8

    PROPOSED JURY INSTRUCTION NO. 7 – Credibility Of Witnesses....................9

    PROPOSED JURY INSTRUCTION NO. 8 – What Is Not Evidence .......................10

    PROPOSED JURY INSTRUCTION NO. 9 – Evidence For Limited Purpose...........11

    PROPOSED JURY INSTRUCTION NO. 10 – Rulings On Objections....................12

    PROPOSED JURY INSTRUCTION NO. 11 – General Introduction .......................13

    PROPOSED JURY INSTRUCTION NO. 12 – All Persons Equal Before The Law—
                Corporations...............................................14

    PROPOSED JURY INSTRUCTION NO. 13 – Evidence In The Case .....................15

    PROPOSED JURY INSTRUCTION NO. 14 – Court's Comments Not Evidence ....16

    PROPOSED JURY INSTRUCTION NO. 15 – Questions Not Evidence..................17

    PROPOSED JURY INSTRUCTION NO. 16 – Election Of Foreperson, Etc............18

    PROPOSED JURY INSTRUCTION NO. 17 – Duty To Deliberate..........................20

    PROPOSED JURY INSTRUCTION NO. 18 – Verdict Forms—Jury's Responsibility21

    PROPOSED JURY INSTRUCTION NO. 19 – Preponderance Of The Evidence......22

    PROPOSED JURY INSTRUCTION NO. 20 – Clear And Convincing Evidence .....23

    PROPOSED JURY INSTRUCTION NO. 21 – "If You Find" Or "If You Decide" ..24

    PROPOSED JURY INSTRUCTION NO. 22 – Direct And Circumstantial Evidence25

    PROPOSED JURY INSTRUCTION NO. 23 – Inferences ........................................26

    PROPOSED JURY INSTRUCTION NO. 24 – Notice Or Knowledge .....................27

    PROPOSED JURY INSTRUCTION NO. 25 – Expert Witness ................................28

    PROPOSED JURY INSTRUCTION NO. 26 – Evidence Admitted For A Limited
                Purpose......................................................29

    PROPOSED JURY INSTRUCTION NO. 27 – Statistical Evidence ..........................30

    PROPOSED JURY INSTRUCTION NO. 28 – Charts And Summaries ...................31

i

# TABLE OF CONTENTS

**Page**

PROPOSED JURY INSTRUCTION NO. 29 – Explanation Or Uses Of Learned Treatises .....................................................32

PROPOSED JURY INSTRUCTION NO. 30 – Oral Statements Or Admissions .......33

PROPOSED JURY INSTRUCTION NO. 31 – Number Of Witnesses ......................34

PROPOSED JURY INSTRUCTION NO. 32 – Evidence In Electronic Format ........35

PROPOSED JURY INSTRUCTION NO. 33 – Discrepancies In Testimony ............37

PROPOSED JURY INSTRUCTION NO. 34 – Use Of Depositions As Evidence .....39

PROPOSED JURY INSTRUCTION NO. 35 – Impeachment—Inconsistent Statement Or Conduct ................................................40

PROPOSED JURY INSTRUCTION NO. 36 – Effect Of Prior Inconsistent Statements Or Conduct .............................41

PROPOSED JURY INSTRUCTION NO. 37 – Statutory Product Liability ..............42

PROPOSED JURY INSTRUCTION NO. 38 – Manufacturer's Standard of Care/Knowledge ........**Error! Bookmark not defined.**

[CONTESTED] PROPOSED JURY INSTRUCTION NO. 39 – Duty To Warn Physicians, Not Patients – Learned Intermediary Rule ......................................44

[CONTESTED] PROPOSED JURY INSTRUCTION NO. 40 – Failure To Warn ....43

[CONTESTED] PROPOSED JURY INSTRUCTION NO. 41 – PRESUMPTIONS .48

PROPOSED JURY INSTRUCTION NO. 42 – Proximate Cause .............................48

PROPOSED JURY INSTRUCTION NO. 43 – Remote Cause .................................50

[CONTESTED] PROPOSED JURY INSTRUCTION NO. 44 – Preexisting Condition 51

PROPOSED JURY INSTRUCTION NO. 45 – Compensatory Damages .................52

PROPOSED JURY INSTRUCTION NO. 46 – Quotient Verdict ..............................54

PROPOSED JURY INSTRUCTION NO. 47 – Income Taxes ..................................55

PROPOSED JURY INSTRUCTION NO. 48 – Collateral Sources: Insurance ..........56

PROPOSED JURY INSTRUCTION NO. 49 – Future Or Permanent Injury ............57

PROPOSED JURY INSTRUCTION NO. 50 – Speculation Prohibited ....................58

PROPOSED JURY INSTRUCTION NO. 51 – Mathematical Formula ....................59

PROPOSED JURY INSTRUCTION NO. 52 – Present Value Of Future Damages ...60

PROPOSED JURY INSTRUCTION NO. 53 – Punitive Damages ...........................61

# TABLE OF CONTENTS

**Page**

PROPOSED JURY INSTRUCTION NO. 54 – Punitive Damages Must Be Directed To Conduct That Harmed This Plaintiff ....63

PROPOSED JURY INSTRUCTION NO. 55 – Consideration Of Relevant Evidence/Mandatory Factors ....................64

JURY INTERROGATORIES ...........................................................................65

PROPOSED JURY INTERROGATORY NO. 1 .....................................................65

PROPOSED JURY INTERROGATORY NO. 2 .....................................................66

[CONTESTED] PROPOSED JURY INTERROGATORY NO. 3 ............................67

[CONTESTED] PROPOSED JURY INTERROGATORY NO. 4 ............................68

PROPOSED JURY INTERROGATORY NO. 5 .....................................................69

PROPOSED JURY INTERROGATORY NO. 6 .....................................................70

GENERAL VERDICT FORMS ........................................................................71

GENERAL VERDICT FORM 1 ........................................................................71

GENERAL VERDICT FORM 2 ........................................................................72

GENERAL VERDICT FORM 3 ........................................................................73

GENERAL VERDICT FORM 4 ........................................................................74

*Beginning of Trial*

## PROPOSED JURY INSTRUCTION NO. 1 – Province of Judge and Jury

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury. Such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

<u>Source</u>
3 Fed. Jury Prac. & Instr. (FED-JI) § 101:10

**PROPOSED JURY INSTRUCTION NO. 2 – Jury Conduct**

To ensure fairness, you must obey the following rules:

1. Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2. Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3. Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4. During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5. Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6. Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7. Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you and the other jurors have gone to the jury room to decide the case and have discussed all the evidence.

2

8.  If you need to tell me something, simply give a signed note to the *[marshal] [bailiff]*

*[clerk]* to give to me.

<u>Source</u>
FED-JI § 101:11

**PROPOSED JURY INSTRUCTION NO. 3 – Juror use of electronic technology**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, iMessage, or text messaging, or otherwise through any blog, website, or app (including Facebook, LinkedIn, YouTube, or any other similar technology of social media, even if I have not specifically mentioned it here). I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

<u>Source</u>
FED-JI § 101:13 (modified).

4

**PROPOSED JURY INSTRUCTION NO. 4 – Claims and defenses**

In this case, Plaintiff Tina Burris claims that the Prolift product manufactured by Defendant Ethicon, Inc. and surgically implanted in her is defective in its warnings and caused her various injuries. Defendants Ethicon, Inc. and Johnson & Johnson deny that claim.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiff must prove to make her case:

Plaintiff must prove by a preponderance of the evidence that Defendant Ethicon, Inc.'s Prolift product is defective in its warnings, and that the defective aspect of the Prolift warnings was the proximate cause of the harm for which Plaintiff seeks compensatory damages.

Plaintiff's Prolift is defective in its warnings if Defendant Ethicon, Inc. failed to adequately warn Plaintiff's implanting surgeon of the risk of injuries of which Plaintiff alleges. Any such defect in warnings proximately caused those alleged injuries if adequately warned, the implanting surgeon would have altered his choice to utilize the Prolift.

Source
FED-JI § 101:03; *see also* Ohio Rev. Code § 2307.73(A), 2307.76(A), (C); Ohio Jury Instructions, Civil (OJI-CV) 451.01, 451.07

5

**PROPOSED JURY INSTRUCTION NO. 5 – Evidence in the case**

The evidence in the case will consist of the following:

1.  The sworn testimony of the witnesses, no matter who called a witness.

2.  All exhibits received in evidence, regardless of who may have produced the exhibits.

3.  All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony should be treated the same as live witness testimony, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the statements of the witness. In other words, you are not limited solely to

what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

<u>Source</u>
FED-JI § 101:40 (modified)

**PROPOSED JURY INSTRUCTION NO. 6 – Burden of proof**

You will be instructed that Plaintiff's failure-to-warn claim must be proven by a preponderance of the evidence, while any claim for punitive damages must be proven by clear and convincing evidence. These are two different standards of proof.

"Preponderance of the evidence" means evidence that, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, is more probable, more persuasive, or of greater probative value. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

"Clear and convincing evidence," on the other hand, is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Under either burden, you should base your decision on all of the evidence, regardless of which party presented it.

Source
FED-JI §§ 101:41, 104:01, 104:02; Ohio Rev. Code § 2307.73(A); OJI-CV 303.05, 303.06

**PROPOSED JURY INSTRUCTION NO. 7 – Credibility of witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see, hear, or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

<u>Source</u>
FED-JI § 101:43

**PROPOSED JURY INSTRUCTION NO. 8 – What is not evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source
FED-JI § 101:44

**PROPOSED JURY INSTRUCTION NO. 9 – Evidence for limited purpose**

When I instruct you that an item of evidence has been admitted for a limited purpose, you

must consider that item only for that limited purpose and no other.

Source
FED-JI § 101:45

**PROPOSED JURY INSTRUCTION NO. 10 – Rulings on objections**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

Source
FED-JI § 101.49

*At the close of evidence*

### PROPOSED JURY INSTRUCTION NO. 11 – General introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

<u>Source</u>
FED-JI § 103:01

**PROPOSED JURY INSTRUCTION NO. 12 –**
**All persons equal before the law—Corporations**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Corporations— here, Defendants Ethicon, Inc. and Johnson & Johnson—are entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

<u>Source</u>
FED-JI § 103:12 (modified)

14

**PROPOSED JURY INSTRUCTION NO. 13 – Evidence in the case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to, and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

I may have taken judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, unless otherwise instructed you must accept my declaration as evidence and regard as proved the fact or event that has been judicially noticed.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

<u>Source</u>
FED-JI § 103:30

**PROPOSED JURY INSTRUCTION NO. 14 – Court's comments not evidence**

The law permits me to comment on the evidence in the case. These comments are not evidence, only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors, are the sole judges of the facts and are not bound by my comments or opinions.

Source
FED-JI § 103:33 (modified)

**PROPOSED JURY INSTRUCTION NO. 15 – Questions not evidence**

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence— only the witness' answer is evidence.

Source
FED-JI § 103:34 (modified)

**PROPOSED JURY INSTRUCTION NO. 16 – Election of foreperson, etc.**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, jury interrogatories and general verdict forms have been prepared for your convenience. You will take these forms to the jury room.

Each of the interrogatories calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided below each question, and will date and sign the appropriate general verdict form, when completed. It will not be necessary to consider or answer interrogatory (2), if your answer to interrogatory (1) is "No." Nor will it be necessary for you to consider or answer interrogatory (3), unless your answer to both questions (1) and (2) is "Yes."

Accordingly, if your answer to either questions (1) or (2) is "No," the foreperson will date and sign the appropriate general verdict form, without answering question (3). On the other hand, if the answer to questions (1), (2), and (3) are "Yes," then you will proceed to the additional interrogatories as instructed in their text and have the foreperson write the unanimous answer of the jury in response to the questions provided. The foreperson will then date and sign the appropriate verdict form as instructed by the interrogatories.

When you have reached unanimous agreement as to your general verdict, you will have your foreperson fill in, date, and sign the form setting forth the verdict upon which you unanimously agree. You will then return with the completed general verdict form to the courtroom.

Source
FED-JI § 103.50 (modified); *see also id.* 106.06

19

**PROPOSED JURY INSTRUCTION NO. 17 – Duty to deliberate**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

<u>Source</u>
FED-JI § 106:01

**PROPOSED JURY INSTRUCTION NO. 18 – Verdict forms—Jury's responsibility**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey, in any way or manner, any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

<u>Source</u>
FED-JI § 106:07

**PROPOSED JURY INSTRUCTION NO. 19 – Preponderance of the evidence**

Plaintiff Tina Burris has the burden in a civil action, such as this case, to prove every essential element of her failure-to-warn claim by a preponderance of the evidence. If Plaintiff fails to establish any essential element of this claim by a preponderance of the evidence, you should find for Defendants Ethicon, Inc. and Johnson & Johnson.

"A preponderance of the evidence" means evidence that, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, is more probable, more persuasive, or of greater probative value. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Source
FED-JI § 104.01 (modified)

**PROPOSED JURY INSTRUCTION NO. 20 – Clear and convincing evidence**

Plaintiff Tina Burris has the burden to prove her claim for punitive damages by clear and convincing evidence.

"Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

<u>Source</u>
FED-JI § 104:02

**PROPOSED JURY INSTRUCTION NO. 21 – "If you find" or "if you decide"**

When I instruct you that a party has the burden of proof on any proposition, or use the express, "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not.

Source
FED-JI § 104:04

**PROPOSED JURY INSTRUCTION NO. 22 – Direct and circumstantial evidence**

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. It includes exhibits admitted into evidence during the trial and stipulations that you were instructed to accept as fact. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact. It is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts that naturally and logically follow according to the common experience of people.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Source
FED-JI § 104:05; OJI-CV 305.01

25

**PROPOSED JURY INSTRUCTION NO. 23 – Inferences**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Source
FED-JI § 104:20

**PROPOSED JURY INSTRUCTION NO. 24 – Notice or knowledge**

If it appears from the evidence in the case that a person or corporation had information that would lead a reasonably prudent person or corporation to make inquiry through which that person or corporation would surely learn the facts, then this person or corporation may be found to have had actual knowledge of those facts, the same as if the person or corporation had made such inquiry and had actually learned such facts. The law charges a person or corporation with notice and knowledge of whatever that person or corporation would have learned, on making such inquiry as it would have been reasonable to expect the person or corporation to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence. If it appears that a certain condition has existed for a substantial period of time, and that the person or corporation had regular opportunities to observe the condition, then you may draw the inference that the person or corporation had knowledge of the condition.

Source
FED-JI § 104:24 (modified)

**PROPOSED JURY INSTRUCTION NO. 25 – Expert witness**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. In weighing this opinion testimony, you may consider the expert witness' qualifications, their opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

<u>Source</u>
FED-JI § 104:40 (modified)

**PROPOSED JURY INSTRUCTION NO. 26 – Evidence admitted for a limited purpose**

Sometimes evidence may be admitted only for a particular purpose and not generally for all purposes. For the limited purpose for which this evidence has been received, as I have instructed you at the time the evidence was admitted, you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned.

Source
FED-JI § 104:42 (modified)

**PROPOSED JURY INSTRUCTION NO. 27 – Statistical evidence**

Statistics should be considered with care. They are not irrefutable and, like any other kind

of evidence, they may be rebutted.

<u>Source</u>
FED-JI § 104:43

**PROPOSED JURY INSTRUCTION NO. 28 – Charts and summaries**

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

Source
FED-JI § 104:50

**PROPOSED JURY INSTRUCTION NO. 29 – Explanation or Uses of Learned Treatises**

During this trial, you have heard information from medical journal articles and textbooks, statements made by physician organizations, and other similar materials, which the parties and the Court have sometimes called "learned treatises." You will not receive these materials for use in deliberations. Nonetheless, to the extent any such information from a learned treatise has been admitted into evidence in this trial, you should consider that information the same as you consider any other evidence. By this, I mean that you may consider these materials in deciding whether Plaintiff has proved the elements of her claims. You may also consider the material for the purpose of deciding what weight, if any, you will give the opinions testified to by the witness.

<u>Source</u>
*See, e.g.*, Fed. R. Evid. 803(18); *In re Welding Fume Prods. Liab. Litig.*, 534 F. Supp.2d 761, 765 (N.D. Ohio 2008).

**PROPOSED JURY INSTRUCTION NO. 30 – Oral statements or admissions**

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

<u>Source</u>
FED-JI § 104:53

33

**PROPOSED JURY INSTRUCTION NO. 31 – Number of witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Source
FED-JI § 104:54

**PROPOSED JURY INSTRUCTION NO. 32 – Evidence in electronic format**

Exhibits received in evidence capable of being displayed electronically will be provided to you in that form. You will be able to view them in the jury room. Necessary equipment will be available to you in the jury room.

A court technician will show you how to operate the equipment and how to locate and view the exhibits on the equipment. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the bailiff. If you need additional equipment or supplies or if you have questions about how to operate the equipment, you may send a note to the bailiff, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of solving the technical problem. When the court technician or any non-juror is in the jury room, the jury must not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operating the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the equipment in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the equipment for any other purpose. At my direction, technicians have taken steps to ensure that the equipment does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the equipment to obtain access to such materials. If you discover that the

35

equipment provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.

Do not remove the equipment or any electronic data from the jury room, and do not copy any such data.

<u>Source</u>
FED-JI § 104:55 (modified)

**PROPOSED JURY INSTRUCTION NO. 33 – Discrepancies in testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source
FED-JI § 105:01

**PROPOSED JURY INSTRUCTION NO. 34 – Use of depositions as evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Source
FED-JI § 105:02 (modified)

**PROPOSED JURY INSTRUCTION NO. 35 –**
**Impeachment—Inconsistent statement or conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness whatever credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source
FED-JI § 105:04 (modified)

**PROPOSED JURY INSTRUCTION NO. 36 –**
**Effect of prior inconsistent statements or conduct**

Evidence that, at some other time while not under oath, a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial may be considered when judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Source
FED-JI § 105:09 (modified)

41

**PROPOSED JURY INSTRUCTION NO. 37 – Statutory product liability**

A manufacturer of a defective product is liable for harm that results when the product is used for its intended or reasonably foreseeable purpose.

"Manufacturer" means a person engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product.

"Harm" means death, physical injury to person, serious emotional distress, or physical damage to property other than the product in question.

Plaintiff Tina Burris claims that Defendant Ethicon, Inc.'s Prolift product is defective in its warnings and proximately caused the injuries she alleges.

Source
OJI-CV 451.01; *see also* Ohio Rev. Code §§ 2307.73(A), 2307.71(A)(7), (9), 2307.76

**PROPOSED JURY INSTRUCTION NO. 38 – Manufacturer's Standard of Care/Knowledge**

One who manufactures a product for sale is held to the skill of an expert in that business and to an expert's knowledge of the arts, materials, and processes involved in the development, production, and marketing of the product. The manufacturer has the duty to remain reasonably current with scientific knowledge, development, research, and discoveries concerning the product. The manufacturer must communicate its superior knowledge to those who, because of their own limited knowledge and information, would otherwise be unable to protect themselves.

However, a manufacturer need not instruct or warn (regarding the use of its product) unless and until the state of medical, scientific, and technical research and knowledge has reached a level of development that would make a reasonably prudent manufacturer aware of the unreasonable risks of harm created by the product and aware of the necessity to instruct or warn (ordinary users of the product) against such risks of harm.

Source
OJI CV 451.07

**[CONTESTED] PROPOSED JURY INSTRUCTION NO. 39 – Duty to Warn Physicians, Not Patients – Learned Intermediary Rule**

**Plaintiff's Language**:

A medical device manufacturer whose medical devices are prescribed by doctors has a duty to warn the implanting physician rather than warning the patient directly.  It does not have a duty to warn about risks that are open and obvious or a matter of common knowledge.

If you find that Defendants adequately warned Ms. Burris's implanting physician, or if you find that the specific nature and severity of the risks that Prolift might cause the type of injuries Ms. Burris claims were open and obvious or otherwise a matter of common knowledge, you must find for Defendants on her failure-to-warn claim.


**Defendants' Language**:

A medical device manufacturer whose medical devices are prescribed by doctors has a duty to warn only the implanting physician.  It does not have a duty to warn about risks that are generally known in the medical community.

A medical device manufacturer has no duty to warn patients directly.  Because of the nature of Prolift, the doctors that Defendants must warn are pelvic floor surgeons, who are presumed to know the general risks of pelvic floor surgery.

If you find that Defendants adequately warned Ms. Burris's implanting physician, or if you find that her implanting physician was independently aware of the risks that Prolift might cause the type of injuries Ms. Burris claims, you must find for Defendants on her failure-to-warn claim.


Source
*See, e.g., Vaccariello v. Smith & Nephew Richards, Inc.*, 94 Ohio St.3d 380, 387, 763 N.E.2d 160 (Ohio 2002); Ohio R.C. 2307.76.

44

**[CONTESTED] PROPOSED JURY INSTRUCTION NO. 40 – Failure to warn**

Plaintiff claims that the Defendants failed to provide Plaintiff's implanting physician, Dr. Brown, adequate warnings of the risks of the Prolift product. To establish a claim for failure to warn, Plaintiff must prove by a preponderance of the evidence:

(1)  That the Prolift's warnings were inadequate, and

(2)  That the Prolift's inadequate warning was a proximate cause of the harm for which Plaintiff seeks to recover compensatory damages.

A product is defective due to an inadequate warning if, when the product left the control of its manufacturer:

(1) the manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused the plaintiff's harm; and

(2) the manufacturer failed to provide the warning that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type claimed by the plaintiff and in light of the likely seriousness of that harm.

**Plaintiff's Language**:

A warning is "adequate" where, under all the circumstances, it reasonably discloses all risks inherent in the use of a product of which the manufacturer, being held to the standards of an expert in the field, knew or should have known to exist. You  may find a warning to be inadequate in its factual content, its expression of the facts, or the method or form in which it is conveyed. The adequacy of such warnings is measured not only by what is stated, but also by the manner in which it is stated. An adequate warning not only conveys a fair indication of the nature of the dangers involved, but also warns with the degree of intensity demanded by the nature of the risk.

45

A warning may be found to be unreasonable in that it was unduly delayed, reluctant in tone, or lacking in a sense of urgency.

A product is not defective due to lack of warning or inadequate warning as a result of the failure of its manufacturer to warn about an open and obvious risk or a risk that is a matter of common knowledge

Source
OJI-CV 451.07 (modified); Ohio Rev. Code § 2307.73; *Vaccariello v. Smith & Nephew Richards, Inc.*, 763 N.E.2d 160, 164 (Ohio 2002) ; *Tracy v. Merrell Dow Pharms., Inc.*, 569 N.E.2d 875, 878 (Ohio 1991); *Seley v. G. D. Searle & Co*., 423 N.E.2d 831, 836–37 (Ohio 1981)


**Defendant's Language**:

One who manufactures a product for sale is held to the skill of an expert in that business and to an expert's knowledge of the arts, materials, and processes involved in the development, production, and marketing of the product. The manufacturer has the duty to remain reasonably current with scientific knowledge, development, research, and discoveries concerning the product. The manufacturer must communicate its superior knowledge to those who, because of their own limited knowledge and information, would otherwise be unable to protect themselves. However, a manufacturer need not instruct or warn (regarding the use of its product) unless and until the state of medical, scientific, and technical research and knowledge has reached a level of development that would make a reasonably prudent manufacturer aware of the unreasonable risks of harm created by the product and aware of the necessity to instruct or warn (ordinary users of the product) against such risks of harm.

A product is not defective due to lack of warning or inadequate warning as a result of the failure of its manufacturer to warn about an open and obvious risk or a risk that is a matter of common knowledge among pelvic-floor surgeons.

Source

OJI-CV 451.07 (modified); Ohio Rev. Code § 2307.73; *Vaccariello v. Smith & Nephew Richards, Inc.*, 763 N.E.2d 160, 164 (Ohio 2002); *Tracy v. Merrell Dow Pharms., Inc.*, 569 N.E.2d 875, 878 (Ohio 1991)

**[CONTESTED] PROPOSED JURY INSTRUCTION NO. 41 – Presumptions**

**Plaintiff's Language:**

Should you find that the Prolift's warnings were adequate, this creates a rebuttable presumption that if an adequate warning is given it will be read and heeded by the implanting physician.

If, however, you find that the Prolfit's warnings were inadequate, this creates a rebuttable presumption that the inadequate warnings did proximately cause the Plaintiff's injuries. Defendants Ethicon, Inc. and Johnson and Johnson bear the burden of rebutting this presumption with evidence that an adequate warning would not have altered the implanting physician's choice to implant Plaintiff Tina Burris with the Prolift device.

Source
*Seley v. G. D. Searle & Co*., 423 N.E.2d 831, 838 (Ohio 1981)


**Defendants Oppose Inclusion.**

**PROPOSED JURY INSTRUCTION NO. 42 – Proximate cause**

The existence of a defect in the Prolift product and causation are separate and distinct elements of Plaintiff's claim for failure to warn. Not only must Plaintiff prove that the Prolift is defective in its warnings, she must also prove that the defect proximately caused her injuries.

"Proximate cause" is an act or failure to act that in the natural and continuous sequence directly produced the injury and without which the injury would not have occurred.

You are not to award damages for any injury or condition from which Plaintiff Tina Burris may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the alleged defect in the Prolift warnings.

Source
Ohio Rev. Code § 2037.73(A); OJI-CV 405.01(2); FED-JI § 128.70 (modified)

**PROPOSED JURY INSTRUCTION NO. 43 – Remote cause**

A defective aspect of a product is not responsible for another's injury if the product is a remote cause and not a proximate cause.

A cause is remote when the result could not have been reasonably foreseen or anticipated as being the likely cause of any injury.

Source
OJI-CV 405.03

**[CONTESTED] PROPOSED JURY INSTRUCTION NO. 44 – Preexisting conditions**

A tortfeasor is fully liable for any damages resulting from its wrongful act even if the victim had a preexisting condition that made the consequences of the wrongful act more severe for her than they would have been for a person without such condition.

**Plaintiff's Language:**

If you find that Tina Burris had a predisposition that made her more susceptible to injury, the Defendants were nevertheless liable for her actual injuries and damages.

**Defendants' Language:**

If you find that Tina Burris had a predisposition that made her more susceptible to injury, and that Plaintiff has otherwise proven the essential elements of her failure-to-warn claim, then the Defendants are nevertheless liable for her actual injuries and damages.

Source
*Daniels v. Northcoast Anesthesia Providers, Inc.*, 120 N.E.3d 52, 66 (Ohio Ct. App. 2018)

**PROPOSED JURY INSTRUCTION NO. 45 – Compensatory damages**

If you find for Plaintiff Tina Burris, you will decide by the greater weight of the evidence an amount of money that will reasonably compensate for the actual injury proximately and directly caused by the Prolift product.

In deciding this amount, you will consider the Plaintiff's "economic loss" and "noneconomic loss," if any, proximately and directly caused by the Plaintiff's actual injury.

"Economic loss" means any of the following types of financial harm:

(A) all wages, salaries, or other compensation lost as a result of the Plaintiff's injury;

(B) all expenditures for medical care or treatment, rehabilitation services, or other care, treatment, services, products, or accommodations incurred as a result of the Plaintiff's injury; and

(C) any other expenditure incurred as a result of the Plaintiff's injury other than attorney's fees incurred by the Plaintiff.

In deciding the reasonable value of medical, hospital, or other related care, treatment, services, products, or accommodations, you shall consider all the evidence submitted. Both the original bill and the amount accepted as full payment may be considered along with all other evidence to decide the reasonable value.

"Noneconomic loss" means harm other than economic loss that results from the Plaintiff's injury, including, but not limited to, pain and suffering; loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education; disfigurement; mental anguish; and any other intangible loss.

In determining an award for "noneconomic loss," you shall not consider any of the following:

(A) evidence of Defendants' alleged wrongdoing, misconduct, or guilt; and

(B) evidence of Defendants' wealth or financial resources; and

(C) all other evidence that is offered for the purpose of punishing Defendants, rather than offered for a compensatory purpose.

<u>Source</u>
OJI-CV 315.01(1-4) (modified), (7), (9)

**PROPOSED JURY INSTRUCTION NO. 46 – Quotient verdict**

If you find for the Plaintiff, you may not agree in advance to accept an average figure as the amount of your verdict. If the figure is reached by obtaining an average, this amount is not a proper verdict unless each juror thereafter individually exercises his or her judgment and decides whether he or she will accept that amount. At least six (6) members of the jury must individually accept the amount before it can be a fair and just verdict.

<u>Source</u>
OJI-CV 315.41 (modified)

**PROPOSED JURY INSTRUCTION NO. 47 – Income taxes**

With reference to the amount of an award, if any, you are to follow the instructions already given. You may not consider federal, state, or local income taxes. In no event may you add to or subtract from an award because of any such taxes.

<u>Source</u>
OJI-CV 207.31 (modified), *see also* OJI-CV 315.01(5); FED-JI § 128.90

**PROPOSED JURY INSTRUCTION NO. 48 – Collateral sources: Insurance**

In deciding damages, you must not consider whether any party had insurance. Any assumption that any party had or did not have insurance is not relevant and may be wrong. You must not add to or subtract from any award based upon any assumption regarding insurance. You must resolve all issues presented to you only on the evidence admitted and the law in these instructions.

Source
OJI-CV 315.01(6)

**PROPOSED JURY INSTRUCTION NO. 49– Future or permanent injury**

The plaintiff also claims that the injury or loss will continue into the future. As to such claims, no compensation or damages may be found except that which is reasonably certain to exist as a proximate result of the injury. In deciding the amount of permanent injury, you should follow the definitions of economic loss and noneconomic loss that I have previously given to you.

Source
OJI-CV 315.01(8)

**PROPOSED JURY INSTRUCTION NO. 50 – Speculation prohibited**

Regarding future damages, you are not to speculate. The law deals in probabilities and not mere possibilities. In deciding future damages, you may consider only those things that you find from the evidence are reasonably certain to continue.

"Reasonably certain" means probable, that is, more likely to occur than not.

Source
OJI-CV 315.01(11), (12)

**PROPOSED JURY INSTRUCTION NO. 51 – Mathematical formula**

You cannot consider as evidence the suggestion of counsel that you use a unit value or mathematical formula to compensate for pain and suffering or disability. There is no recognized unit value for pain and suffering or disability. Deciding compensation for pain and suffering or disability is solely your responsibility.

Source
OJI-CV 315.05

**PROPOSED JURY INSTRUCTION NO. 52 – Present value of future damages**

In the event you find for Plaintiff, the measure of any future damage is the present loss in dollars that Plaintiff with reasonable certainty will sustain in the future and that is capable of measurement by the present value of money. You may not speculate upon any change in the value of the dollar.

Source
OJI-CV 315.45

**PROPOSED JURY INSTRUCTION NO. 53 – Punitive damages**

If you decide that Defendants Ethicon and Johnson & Johnson are liable, you will decide whether their conduct justifies an award of punitive damages. Punitive damages may be awarded against the Defendants as a punishment and to discourage others from committing similar wrong acts.

You may only assess punitive damages if Plaintiff has proven to you, by clear and convincing evidence, that the injury, loss, or harm suffered by her was the result of Defendants' acts or omissions and that either Defendants' conduct was prompted by actual malice or that Defendants acted with a willful and wanton disregard of the probability of foreseeable harm to Plaintiff. These terms are defined as follows:

"Actual malice" is intentional wrongdoing, in the sense of an evil-minded act.

"Willful or wanton disregard" is a deliberate act or omission with knowledge of a high degree of probability of harm to another who foreseeably might be harmed by that act or omission and reckless indifference to the consequences of the act or omission. To satisfy the requirement of willfulness or wantonness, Plaintiff must establish that Defendants acted with a "positive element of conscious wrongdoing." Plaintiff must show circumstances of aggravation or outrage, which may consist of such a conscious and deliberate disregard of the interests of others that Defendants' conduct may be called wanton and willful. This standard cannot be established unless Defendants knew or had reason to know of circumstances that would bring home to the ordinary reasonable person the highly dangerous character of their conduct. There must be some evidence that the Defendants actually realized the risk and acted in conscious disregard of or indifference to it. This standard may not be satisfied by proof of any degree of negligence, including gross negligence.

Source

*See, e.g.*, *Williams v. Novartis Pharmaceuticals Group*, 15 F. Supp. 3d 761 (S.D. Ohio 2014) ("For these reasons, the Court joins the vast majority of other courts in holding that New Jersey law governs the question of punitive damages.); N.J. Model Civil Jury Charges, 8.62 (modified); N.J.S.A. § 2A:15.10; N.J.S.A. 2A:15-5.12(a); *Fischer v. Johns-Manville Corp.*, 103 N.J. 643, 655 (N.J. 1986); *Jones v. Brown*, 425 Fed. App'x 93, 96 (3d Cir. N.J. 2011) (explaining burden of "clear and convincing" evidence); *Prof'l Cleaning & Innovative Bldg. Servs. v. Kennedy Funding Inc.*, 408 F. App'x 566 (3d Cir. N.J. 2010); *Higgins v. Route 17 Auto., LLC*, No. 11-6240 (KSH), 2012 WL 3284846 (D.N.J. Aug. 10, 2012); *Granelli v. Chi. Title Ins. Co.*, No. 10-2582 (JLL), 2012 WL 2072648 (D.N.J. June 8, 2012); *Plasencia v. Orgill, Inc.*, No. 09-5727 (FLW), 2012 WL 819063 (D.N.J. Mar. 9, 2012); *Sipler v. Trans Am Trucking, Inc.*, No. 10-3550 (DRD), 2010 WL 4929393 (D.N.J. Nov. 30, 2010); *Pancrazio v. Greyhound Lines, Inc.*, No. 06-3153 (JEI), 2008 WL 11509793 (D.N.J. Apr. 25, 2008); *Schedin v. Ortho-McNeil-Janssen Pharms., Inc. (In re Levaquin Prods. Liab.* 700 F.3d 1161, 1169 (8th Cir. 2012).

**PROPOSED JURY INSTRUCTION NO. 54 – Punitive damages must be directed to conduct that harmed this Plaintiff**

In determining whether to assess punitive damages, you must only consider the conduct by Defendants, if any, that you find to have harmed Plaintiff. You may not use punitive damages to punish Defendants directly on account of alleged harm to persons other than Plaintiff. Further, if you determine to assess punitive damages, you must only do so if and to the extent necessary to achieve the proper amount of deterrence and punishment, if any.

<u>Source</u>
N.J. Model Civil Jury Charges, 8.62; N.J.S.A. § 2A:15- 5.10; N.J.S.A. 2A:15-5.12(a)-(c); *Fischer v. Johns-Manville Corp.*, 103 N.J. 643, 675 (1986); *Jadlowski v. Owens-Corning Fiberglas Corp.*, 283 N.J. Super. 199, 211 (App.Div. 1995); *Philip Morris USA v. Williams*, 549 U.S. 346, 354 (2007); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003); U.S. Const, amend XIV.

**PROPOSED JURY INSTRUCTION NO. 55 – Consideration of Relevant Evidence/Mandatory Factors**

In determining whether Plaintiff has proven, by clear and convincing evidence, that the injury suffered by Plaintiff was the result of Defendants' acts or omissions and that Defendants' conduct was prompted by actual malice or accompanied by a wanton and willful disregard of the probability of foreseeable harm to Plaintiff, you must consider all relevant evidence. This includes, at a minimum, consideration of relevant evidence on the following issues:

(1) the likelihood, at the relevant time, that serious harm would arise from Defendants' conduct;

(2) Defendants' awareness or reckless disregard of the likelihood that the serious harm at issue would arise from Defendants' conduct;

(3) the conduct of Defendants upon learning that the initial conduct would likely cause harm; and

(4) the duration of the conduct or any concealment of it by Defendants.

Note that you may only consider "relevant" evidence on the above factors. "Relevant" evidence means evidence having a tendency in reason to prove or disprove any fact of consequence to the determination of the action. To be relevant, there must be a logical connection between the evidence and a fact in issue. You must therefore disregard any information or data that became available, or conduct that occurred after Plaintiff was implanted with the Prolift, unless it bears on Defendants' state of mind at the time of implantation.

Source
N.J. Civil Jury Charges, 8.62; N.J.S.A. 2A:15-5.12(a); N.J.S.A. § 2A:15-5.12(b); N.J.R.E. 401 (definition of relevant evidence); *Green v. New Jersey Mfrs. Ins. Co.*, 160 N.J. 480, 492, 734 A.2d 1147 (N.J. 1999); *Philip Morris USA v. Williams*, 549 U.S. 346, 354 (2007); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003); U.S. Const, amend XIV.

**PROPOSED JURY INTERROGATORY NO. 1**

Do you find from a preponderance of the evidence that the Prolift product was defective in its warnings at the time it was manufactured and sold by Ethicon, Inc./Johnson & Johnson?

Please answer Yes or No:

_____

If the answer to Jury Interrogatory No. 1 is "no," proceed to General Verdict Form No. 1, have the Jury Foreperson sign the form, and inform the bailiff that you have reached your verdict.

If the answer to Jury Interrogatory No. 1 is "yes," proceed to Jury Interrogatory No. 2.


_____
Jury Foreperson

65

**PROPOSED JURY INTERROGATORY NO. 2**

Do you find from a preponderance of the evidence that the warnings defect was the proximate cause of the injuries complained of by Plaintiff?

Please answer Yes or No:

_____

If the answer to Jury Interrogatory No. 2 is "no," proceed to General Verdict Form 1, have the Jury Foreperson sign the form, and inform the bailiff that you have reached your verdict.

If the answer to Jury Interrogatory No. 2 is "yes," proceed to Jury Interrogatory No. 3.


_____

Jury Foreperson

66

## [CONTESTED] PROPOSED JURY INTERROGATORY NO. 3

**Plaintiff's Language:**

State the total amount of economic damages, past and future, that would fairly and reasonably compensate Plaintiff Tina Burris for her injuries.  Economic damages include (1) wages, salaries, or other compensation lost as a result of the Plaintiff's injuries; (2) all expenditures for medical care or treatment, rehabilitation services, or other care, treatment, services, products, or accommodations incurred as a result of the Plaintiff's injuries; and (3) any other expenditure incurred as a result of the Plaintiff's injuries other than attorney's fees incurred by the Plaintiff.

**Defendants' Language:**

State the total amount of economic damages, past and future, that Plaintiff Tina Burris has proven by the preponderance of the evidence would fairly and reasonably compensate her for her injuries.

State your answer in ink here and enter these amounts in the appropriate place on General Verdict Form No. 2.

Total economic damages in the amount of $_____, consisting of:

Past economic damages $ _____

Future economic damages $ _____

Proceed to Jury Interrogatory No. 4.

_____

Jury Foreperson

67

## [CONTESTED] PROPOSED JURY INTERROGATORY NO. 4

**Plaintiff's Language:**

State the total amount of noneconomic damages, past and future, that would fairly and reasonably compensate Plaintiff Tina Burris for her injuries. Noneconomic damages include pain and suffering; loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education; disfigurement; mental anguish; and any other intangible loss.

**Defendants' Language:**

State the total amount of noneconomic damages, past and future, that Plaintiff Tina Burris has proven by the preponderance of the evidence would fairly and reasonably compensate her for her injuries.

State your answer in ink here and enter this amount in the appropriate place on General Verdict Form No. 2.

Total noneconomic damages in the amount of $_____, consisting of:

Past noneconomic damages $ _____

Future noneconomic damages $ _____

Proceed to Jury Interrogatory No. 5.

_____
Jury Foreperson

68

**PROPOSED JURY INTERROGATORY NO. 5**

Do you find from clear and convincing evidence that Defendants Ethicon, Inc./Johnson & Johnson acted with actual malice or willful and wanton disregard of the probability of foreseeable harm to Tina Burris?

Please answer Yes or No:

_____

If the answer to Jury Interrogatory No. 5 is "no," have the Jury Foreperson sign in ink General Verdict No. 3, and inform the bailiff that you have reached your verdict.

If the answer to Jury Interrogatory No. 5 is "yes," proceed to Jury Interrogatory No. 6.


_____
Jury Foreperson

**PROPOSED JURY INTERROGATORY NO. 6**

State the total amount of punitive damages, if any, that should be assessed against Ethicon, Inc. and awarded to Tina Burris as punitive damages for the conduct found in response to Jury Interrogatory No. 5.

State your answer in ink here and enter this amount in the appropriate place on in General Verdict Form No. 4.

$ _____

_____
Jury Foreperson

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| TINA BURRIS, | ) | CASE NO. 3:20-cv-01450-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP II |
| | ) | |
| v. | ) | |
| | ) | |
| ETHICON, INC., and JOHNSON & | ) | |
| JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**GENERAL VERDICT FORM 1**

We the jury, having weighed and considered the evidence presented, hereby enter a verdict

in favor of Defendants Ethicon, Inc. and Johnson & Johnson on Plaintiff Tina Burris's claims and

award Plaintiff no damages associated with those claims.

_____
Jury Foreperson

71

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TINA BURRIS, | ) | CASE NO. 3:20-cv-01450-JRK |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP II |
| | ) | |
| v. | ) | |
| | ) | |
| ETHICON, INC., and JOHNSON & | ) | |
| JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**GENERAL VERDICT FORM 2**

We the jury, having weighed and considered the evidence presented, hereby enter a verdict

in favor of Plaintiff Tina Burris on her claims against Defendants Ethicon, Inc. and Johnson &

Johnson, and award compensatory damages as follows:

Total Economic damages in the amount of $_____, consisting of:

Past economic damages $ _____

Future economic damages $ _____

Total noneconomic damages in the amount of $_____, consisting of:

Past noneconomic damages $ _____

Future noneconomic damages $ _____

_____
Jury Foreperson

72

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TINA BURRIS,                                )   CASE NO. 3:20-cv-01450-JRK
                                            )
        Plaintiff,                          )   JUDGE JAMES R. KNEPP II
                                            )
        v.                                  )
                                            )
ETHICON, INC., and JOHNSON &                )
JOHNSON,                                    )
                                            )
        Defendants.                         )
                                            )

**GENERAL VERDICT FORM 3**

We the jury, having weighed and considered the evidence presented and having awarded

compensatory damages to Plaintiff Tina Burris on her claims against Defendants Ethicon, Inc. and

Johnson & Johnson, make no further award to Plaintiff as to punitive damages.


_____
Jury Foreperson

73

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TINA BURRIS,                                    ) CASE NO. 3:20-cv-01450-JRK
                                                )
        Plaintiff,                       ) JUDGE JAMES R. KNEPP II
                                                )
        v.                               )
                                                )
ETHICON, INC., and JOHNSON &                    )
JOHNSON,                                        )
                                                )
        Defendants.                      )
                                                )

**GENERAL VERDICT FORM 4**

We the jury, having weighed and considered the evidence presented and having awarded

compensatory damages to Plaintiff Tina Burris on her claims against Defendants Ethicon, Inc. and

Johnson & Johnson, hereby enter a verdict in favor of Plaintiff Tina Burris, for punitive damages

in the amount of $_____.


_____
Jury Foreperson

74

Respectfully submitted,

/s/ Rachel L. Wright (by consent)                   /s/ Erica M. James

James W. Slater (0002379)                Sherry Knutson (pro hac vice)
SLATER & ZURZ LLP                        TUCKER ELLIS LLP
One Cascade Plaza, Suite 2210            233 South Wacker Drive, Suite 6950
Akron, OH  44308                         Chicago, Illinois  6060-9997
Phone: 330.762.0700                      Telephone:  312.624.6322
Fax:    330.762.3923                     Facsimile:  312.624.6309
Email: jslater@slaterzurz.com            Email:       sherry.knutson@tuckerellis.com

Rachel L. Wright (Texas ID 24054255)     Tariq M. Naeem (0072808)
Rebecca L. Neumann (Texas ID 24104455)   Jennifer L. Steinmetz (0088589)
Martin Baughman                          Erica M. James (0086799)
3141 Hood Street, Suite 600              Brenda A. Sweet (0085909)
Dallas, TX  75219                        C. Ashley Saferight (0098990)
Phone: 214.761.6614                      TUCKER ELLIS LLP
Fax:    214.744.7590                     950 Main Avenue—Suite 1100
rwright@martinbaughman.com               Cleveland, OH 44113-7213
rneumann@martinbaughman.com              Telephone:  216.592.5000
                                         Facsimile:  216.592.5009
 *Attorneys for Plaintiff*               Email:       tariq.naeem@tuckerellis.com
                                                      jennifer.steinmetz@tuckerellis.com
                                                      erica.james@tuckerellis.com
                                                      brenda.sweet@tuckerellis.com
                                                      ashley.saferight@tuckerellis.com

                                          *Attorneys for Defendants Ethicon, Inc.*
                                          *and Johnson & Johnson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2022, a copy of the foregoing ***Joint Proposed Jury Instructions, Jury Interrogatories, and Jury Verdicts*** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<u>*/s/ Erica M. James*</u>
*One of the Attorneys for Defendants Ethicon, Inc. and Johnson & Johnson*

5468578.1