IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION (TOLEDO)

| | |
|---|---|
| TINA BURRIS,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ETHICON, INC. et al.,  )<br>)<br>Defendants.  )<br>)<br>)<br>) | CASE NO.: 3:20-cv-01450-JJH<br><br>JUDGE JAMES R. KNEPP II |

**PLAINTIFF'S ADDITIONAL PROPOSED
JURY INSTRUCTIONS AND INTERROGATORY**

Plaintiff Tina Burris, for her additional proposed jury instructions and interrogatory, submits the following:

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7
(BURDEN OF PROOF)**

1. BURDEN OF PROOF. The person who claims that certain facts exist must prove them by a preponderance of the evidence. This duty is known as the burden of proof.

2. BURDEN ON PLAINTIFF. The burden of proof is on the Plaintiff to prove the facts necessary for her case by a preponderance of the evidence. (Later, the Court will outline and explain the factual issues.)

1

3. AFFIRMATIVE DEFENSE. Defendants claim [list affirmative defenses to be submitted: common knowledge, open and obvious risk, etc.]. This is an [or these are] affirmative defense[s]. The burden of proving an affirmative defense by a preponderance of the evidence is on the Defendants.

"Preponderance of the evidence" means evidence that, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, is more probable, more persuasive, or of greater probative value. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

Under this burden, you should base your decision on all of the evidence, regardless of which party presented it.

Source: 1 OJI CV 303.03 (2020) (standards of proof); 1 OJI CV 303.05 (2020) (source of wording "more probable, more persuasive, or of greater probative value" in lieu of phrasing proposed by Defendants in definition of preponderance of the evidence).

# PLAINTIFF'S PROPOSED INSTRUCTION NO. 43
# (RISK THAT IS OPEN AND OBVIOUS
# OR COMMON KNOWLEDGE)

*[To be submitted only if the Court overrules Plaintiff's objection to the submission of the open and obvious and/or common knowledge defenses.]*

A product is not defective due to lack of warning or instruction or inadequate warning or instruction as a result of the failure of its manufacturer to warn or instruct about [*to be included only if the Court submits this defense:* an open and obvious risk or] a risk that is a matter of common knowledge.

Defendants assert as an affirmative defense that the risks of the Prolift device were common knowledge [or open and obvious] and have the burden to prove their defense by a preponderance of the evidence.

Source: 1 OJI CV 451.07(A); *Tompkin v. Am. Tobacco Co.,* No. 5:94 CV 1302, 2001 U.S. Dist. LEXIS 26281, at *10 (N.D. Ohio Aug. 2, 2001) (holding that defendant manufacturer has burden of proving common knowledge of risks); *see also Leonard*, 765 F.2d at 566 (holding manufacturer had burden of proof of "common knowledge" under identical Kentucky law); *Destazio v. Flying J, Inc.*, No. 3:05cv7209, 2006 U.S. Dist. LEXIS 2469, 2006 WL 160307, at *5 (Jan. 20, 2006) (holding defendant in premises liability case has burden of proving that danger is "open and obvious" in order to establish the absence of any duty to warn under Ohio law).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. \_\_**
**(PHYSICAL DEFORMITY OR LOSS OF ORGAN SYSTEM)**

You will be asked whether Plaintiff Tina Burris has sustained permanent and substantial physical deformity, or sustained loss of an organ system.

In deciding if Plaintiff has suffered a permanent and substantial physical deformity, you need not only consider whether she shows a visible physical deformity but may also consider whether she has any physical or tissue damage that has caused pain and suffering that is traumatic, extensive, and chronic.

In deciding if Plaintiff has suffered loss of an organ system, you need not find that she has suffered the *entire* loss of her female sexual organ system. Rather, you may find that Ms. Burris has suffered loss of an organ system if the evidence shows that the injury to her organ system is a severe traumatic injury.

Source: Ohio Revised Code § 2315.18(B)(3); *Lopez v. Brinkman*, No. 14CV-11782, 2015 Ohio Misc. LEXIS 14016 (Ct. Com. Pl. Sept. 15, 2015); *Arbino v. Johnson & Johnson*, 2007-Ohio-6948, ¶ 61, 116 Ohio St. 3d 468, 480-81, 880 N.E.2d 420, 435 (commenting that the General Assembly sought to impose limits to noneconomic damages "without limiting the recovery of individuals whose pain and suffering is traumatic, extensive, and chronic[.]").

**PLAINTIFF'S PROPOSED INTERROGATORY ___ (NON-APPLICABILITY OF NONECONOMIC DAMAGES CAP):**

Do you find that Tina Burris sustained permanent and substantial physical deformity, or loss of an organ system?

Yes _____    No _____

Source: 1 OJI CV 315.01; Ohio Revised Code § 2315.18(B)(3); *see also* 1 OJI CV 417.19 (Requiring, in medical malpractice cases subject to an identical statutory exemption to the cap on noneconomic damages, the interrogatory: "Did the Plaintiff's injuries include…permanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system? Yes___ No ___").

Dated: July 19, 2022                                         Respectfully submitted,

**MARTIN | BAUGHMAN, PLLC**

*/s/ Joshua V. Michaels*
Ben C. Martin
TX Bar No. 13052400
Rachel L. Wright
TX Bar No. 24054255
Joshua V. Michaels TX
Bar No. 24106305
Jason W. Voelke
TX Bar No. 24120295
3141 Hood Street, Level 6
Dallas, Texas 75219
P: 214.761.6614
F: 214.744.7590
bmartin@martinbaughman.com
rwright@martinabaugman.com
jmichaels@martinbaughman.com
jvoelke@martinbaughman.com

Sheila M. Bossier (MS ID 10618)
**BOSSIER & ASSOCIATES, PLLC.**
1520 N. State Street
Jackson, MS 39202
Phone: 601.352.5450
Fax:     601.352.5452
sbossier@bossier-law.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on the 19th day of July, 2022, via electronic service, on counsel of record for Defendants.

                                        */s/ Joshua V. Michaels*
                                        Joshua V. Michaels