## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**TINA BURRIS,**                                      **CASE NO. 3:20 CV 1450**

     Plaintiff,

     **v.**                                      JUDGE JAMES R. KNEPP II

**ETHICON, INC., et al.,**

     Defendants.                              **JURY INSTRUCTIONS**


### Introduction

Members of the jury: Now that you have heard the evidence, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect

that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Juror Use of Electronic Technology**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during deliberation you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, the Internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, iMessage, or text messaging, or otherwise through any blog, website, or app (including Facebook, LinkedIn, YouTube, or any other similar technology of social media, even if I have not specifically mentioned it here). I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**Equality Under the Law**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Corporations— here, Defendants Ethicon, Inc. and Johnson & Johnson—are entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

**Evidence in the Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to, and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded. If I sustained an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.

**Court's Comments Not Evidence**

The law permits me to comment on the evidence in the case. These comments are not evidence, only an expression of my opinion as to the facts. You may disregard my comments entirely, since you, as jurors, are the sole judges of the facts and are not bound by my comments or opinions.

**Questions Not Evidence**

If a lawyer asked a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence—only the witness' answer is evidence.

**Duty to Deliberate**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Verdict Forms—Jury's Responsibility**

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey, in any way or manner, any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

### Burden of Proof

The person who claims that certain facts exist must prove them by a preponderance of the evidence. This duty is known as the burden of proof.

The burden of proof is on Plaintiff Tina Burris to prove the facts necessary for her case by a preponderance of the evidence. (Later, the Court will outline and explain the factual issues.)

Defendants assert an affirmative defense. The burden of proving an affirmative defense by a preponderance of the evidence is on Defendants. (Later, the Court will outline and explain the factual issues.)

"A preponderance of the evidence" means evidence that, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, is more probable, more persuasive, or of greater probative value. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

### "If you find" or "if you decide"

When I instruct you that a party has the burden of proof on any proposition, or use the express, "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not.

## Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. It includes exhibits admitted into evidence during the trial. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact. It is the proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts that naturally and logically follow according to the common experience of people.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## Notice or Knowledge

If it appears from the evidence in the case that a person or corporation had information that would lead a reasonably prudent person or corporation to make inquiry through which that person or corporation would surely learn the facts, then this person or corporation may be found to have had actual knowledge of those facts, the same as if the person or corporation had made such inquiry

6

and had actually learned such facts. The law charges a person or corporation with notice and knowledge of whatever that person or corporation would have learned, on making such inquiry as it would have been reasonable to expect the person or corporation to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence. If it appears that a certain condition has existed for a substantial period of time, and that the person or corporation had regular opportunities to observe the condition, then you may draw the inference that the person or corporation had knowledge of the condition.

### Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling. Expert witnesses state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. In weighing this opinion testimony, you may consider the expert witness' qualifications, their opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

### Evidence Admitted for a Limited Purpose

Sometimes evidence may be admitted only for a particular purpose and not generally for all purposes. For the limited purpose for which this evidence has been received, as I have instructed you at the time the evidence was admitted, you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose not specifically mentioned.

### Statistical Evidence

Statistics should be considered with care. They are not irrefutable and, like any other kind of evidence, they may be rebutted.

### Charts and Summaries

Charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

The charts and summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.

### Explanation or Uses of Learned Treatises

During this trial, you have heard information from medical journal articles and textbooks, statements made by physician organizations, and other similar materials, which the parties and the Court have sometimes called "learned treatises." You will not receive these materials for use in deliberations. Nonetheless, to the extent any such information from a learned treatise has been admitted into evidence in this trial, you should consider that information the same as you consider any other evidence. By this, I mean that you may consider these materials in deciding whether

Plaintiff has proved the elements of her claims. You may also consider the material for the purpose of deciding what weight, if any, you will give the opinions testified to by the witness.

### Oral Statements or Admissions

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

### Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

9

### Credibility of Witnesses

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testified, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

### Use of Depositions as Evidence

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

### Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness whatever credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is done "knowingly" if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

11

**Statutory Product Liability**

A manufacturer of a defective product is liable for harm that results when the product is used for its intended or reasonably foreseeable purpose.

"Manufacturer" means a person engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product.

"Harm" means death, physical injury to person, serious emotional distress, or physical damage to property other than the product in question.

Plaintiff Tina Burris claims that Defendant Ethicon, Inc.'s Prolift product is defective in its warnings or instructions and proximately caused the injuries she alleges.

**Duty to Warn Physicians, Not Patients – Learned Intermediary Rule**

A medical device manufacturer whose medical devices are prescribed by doctors has a duty to warn only the implanting physician, rather than warning the patient directly. It does not have a duty to warn about risks that are common knowledge to physicians who perform pelvic floor surgery.

If you find that Defendants adequately warned Plaintiff Tina Burris's implanting physician, or if you find that her implanting physician was independently aware of the risks that Prolift might cause the type of injuries Ms. Burris claims, you must find for Defendants on her failure-to-warn claim.

## Failure to Warn

Plaintiff Tina Burris claims that the Defendants failed to provide Plaintiff's implanting physician, Dr. Brown, adequate warnings of the risks of the Prolift product. To establish a claim for failure to warn, Plaintiff must prove by a preponderance of the evidence:

(1)     That the Prolift's warnings were inadequate, and

(2)     That the Prolift's inadequate warning was a proximate cause of the harm for which Plaintiff seeks to recover compensatory damages.

A product is defective due to an inadequate warning if, when the product left the control of its manufacturer:

(1) the manufacturer knew or, in the exercise of reasonable care, should have known about a risk that is associated with the product and that allegedly caused the plaintiff's harm; and

(2) the manufacturer failed to provide the warning that a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the product would cause harm of the type claimed by the plaintiff and in light of the likely seriousness of that harm.

One who manufactures a product for sale is held to the skill of an expert in that business and to an expert's knowledge of the arts, materials, and processes involved in the development, production, and marketing of the product. The manufacturer has the duty to remain reasonably current with scientific knowledge, development, research, and discoveries concerning the product. The manufacturer must communicate its superior knowledge to those who, because of their own limited knowledge and information, would otherwise be unable to protect themselves. However, a manufacturer need not instruct or warn (regarding the use of its product) unless and until the state of medical, scientific, and technical research and knowledge has reached a level of development

13

that would make a reasonably prudent manufacturer aware of the unreasonable risks of harm created by the product and aware of the necessity to instruct or warn (ordinary users of the product) against such risks of harm.

A product is not defective due to lack of warning or inadequate warning as a result of the failure of its manufacturer to warn about a risk that is a matter of common knowledge. Defendants assert as an affirmative defense that the risks of the Prolift device were common knowledge among physicians who perform pelvic floor surgery and have the burden to prove that defense by a preponderance of the evidence.

### Heeding Presumption

A presumption is accepting something as true until it is proven not true by the greater weight of the evidence.

There is a presumption that, if an adequate warning is given, it will be read and heeded. Should you find that the Prolift's warnings were adequate, you may presume that Defendants' warnings were not a proximate cause of Plaintiff's alleged injuries. This presumption imposes on Plaintiff the burden of going forward with evidence to rebut the presumption.

There is also a presumption that, where no warning is given or where an inadequate warning is given, that failure to adequately warn was a proximate cause of the Plaintiff's use of the product. Should you find that the Prolift's warnings were inadequate, you may presume that the inadequate warnings proximately caused Plaintiff's alleged injuries. This presumption imposes on Defendants the burden of proving by the preponderance of the evidence that an adequate warning would not have altered the implanting physician's choice to implant Plaintiff Tina Burris with the Prolift device. The presumption does not shift the burden of proof for the failure to warn claim, which remains throughout the trial on Plaintiff.

14

**Proximate Cause**

A party who seeks to recover for injury caused by a product defective in its warnings must prove not only that the product was defective with respect to its warnings, but also that the warnings defect was a proximate cause of the injury.

"Proximate cause" is an act or failure to act that in the natural and continuous sequence directly produced the injury and without which the injury would not have occurred.

**Remote Cause**

A defective aspect of a product is not responsible for another's injury if the product is a remote cause and not a proximate cause.

A cause is remote when the result could not have been reasonably foreseen or anticipated as being the likely cause of any injury.

**Preexisting Conditions**

A defendant is fully liable for any damages resulting from its wrongful act even if the plaintiff had a preexisting condition that made the consequences of the wrongful act more severe for her than they would have been for a person without such condition.

If you find that Tina Burris had a predisposition that made her more susceptible to injury, Defendants are nevertheless liable for her actual injuries and damages proximately caused by Defendants' wrongful act.

**Compensatory Damages**

If you find for Plaintiff Tina Burris, you will decide by the greater weight of the evidence an amount of money that will reasonably compensate her for the actual injury proximately and directly caused by the Prolift product.

In deciding this amount, you will consider the Plaintiff's "economic loss" and "noneconomic loss," if any, proximately and directly caused by the Plaintiff's actual injury.

*Economic Loss*

"Economic loss" means any of the following types of financial harm:

(A) all wages, salaries, or other compensation lost as a result of the Plaintiff's injury;

(B) all expenditures for medical care or treatment, rehabilitation services, or other care, treatment, services, products, or accommodations incurred as a result of the Plaintiff's injury; and

(C) any other expenditure incurred as a result of the Plaintiff's injury other than attorney's fees incurred by the Plaintiff.

In deciding the reasonable value of medical, hospital, or other related care, treatment, services, products, or accommodations, you shall consider all the evidence submitted. Both the original bill and the amount accepted as full payment may be considered along with all other evidence to decide the reasonable value.

*Noneconomic Loss*

"Noneconomic loss" means harm other than economic loss that results from the Plaintiff's injury, including, but not limited to, pain and suffering; loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education; disfigurement; mental anguish; and any other intangible loss.

16

In determining an award for "noneconomic loss," you shall not consider any of the following:

(A) evidence of Defendants' alleged wrongdoing, misconduct, or guilt; and

(B) evidence of Defendants' wealth or financial resources; and

(C) all other evidence that is offered for the purpose of punishing Defendants, rather than offered for a compensatory purpose.

### Quotient Verdict

If you find for the Plaintiff, you may not agree in advance to accept an average figure as the amount of your verdict. If the figure is reached by obtaining an average, this amount is not a proper verdict unless each juror thereafter individually exercises his or her judgment and decides whether he or she will accept that amount.

### Income Taxes

With reference to the amount of an award, if any, you are to follow the instructions already given. You may not consider federal, state, or local income taxes. In no event may you add to or subtract from an award because of any such taxes.

### Collateral Sources: Insurance

In deciding damages, you must not consider whether any party had insurance. Any assumption that any party had or did not have insurance is not relevant and may be wrong. You must not add to or subtract from any award based upon any assumption regarding insurance. You must resolve all issues presented to you only on the evidence admitted and the law in these instructions.

**Future or Permanent Injury**

Plaintiff Tina Burris also claims that the injury or loss will continue into the future. As to such claims, no compensation or damages may be found except that which is reasonably certain to exist as a proximate result of the injury. In deciding the amount of permanent injury, you should follow the definitions of economic loss and noneconomic loss that I have previously given to you.

**Speculation Prohibited**

Regarding future damages, you are not to speculate. The law deals in probabilities and not mere possibilities. In deciding future damages, you may consider only those things that you find from the evidence are reasonably certain to continue.

"Reasonably certain" means probable, that is, more likely to occur than not.

**Mathematical Formula**

You cannot consider as evidence the suggestion of counsel that you use a unit value or mathematical formula to compensate for pain and suffering or disability. There is no recognized unit value for pain and suffering or disability. Deciding compensation for pain and suffering or disability is solely your responsibility.

**Present Value of Future Damages**

In the event you find for Plaintiff, the measure of any future damage is the present loss in dollars that Plaintiff with reasonable certainty will sustain in the future and that is capable of measurement by the present value of money. You may not speculate upon any change in the value of the dollar.

**[CLOSING ARGUMENTS OF COUNSEL]**

**Deliberation / Verdict**

The evidence is completed. Earlier I instructed you on the law. You have now heard the last from the lawyers. What is next is for me to instruct you on how to conduct your deliberations.

You must follow these rules while deliberating and returning your verdict:

When you go to the jury room, you must select a foreperson. The foreperson  will preside over your discussions and speak for you here in court. The foreperson does not have any greater power than any other juror, and his or her vote does not have any more importance than other votes. The foreperson serves to help you conduct your deliberations in an orderly manner and give each of you the opportunity to express your opinion. The foreperson is also responsible for ensuring that you conduct your deliberations in accordance with my instructions.

It is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

With regard to note taking, as I instructed you at the start of the trial, the decision to take notes was purely your own, based upon your own assessment whether notes would assist you in following the evidence. Some of you took extensive notes; others took few notes. This is not significant. What must be stressed is any notes taken by a juror, extensive or few, are not a literal record of the points covered, nor anything close to a literal record. Moreover, you must bear in

mind during your deliberations that the memory of a note-taking juror is in no way more or less reliable than the memory of a juror who chose not to take notes. It is your individual recollection of the testimony that must control, and not the existence of any notes.

As a reminder, during your deliberations, you must not provide any information to anyone about this case. You may not use any electronic device or service to communicate to anyone any information about this case or to conduct any research about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

During your deliberations, you are, of course, permitted to take breaks. However, you may not discuss the case unless all members of the jury are present. If you separate briefly to smoke, snack, or get fresh air, you must not discuss the case. Please make sure the Court Security Officer or Clerk knows your whereabouts if you leave the jury room. Also, the Clerk, Jennifer, will collect your cell phones during your deliberations. You are to use the phone in the jury room only to call our staff. If you need to contact someone, let Jennifer know. When you have reached a verdict and signed the verdict form, you will inform us, and we will then gather the parties and lawyers back to the courtroom to announce your verdict.

If you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, you will fill in the form, sign and date it, and advise the clerk. Until your verdict is announced in open court, no juror is permitted to disclose to anyone the status of your deliberations or the nature of your verdict.

If for some reason you have an impression that I have indicated how any disputed fact should be decided, you must put aside that impression because that decision must be made by you, based solely upon the facts presented to you in this courtroom. And if during the course of the trial I have said or done anything that you consider an indication of my view on this case, you are instructed to disregard it.

Circumstances in the case may arouse sympathy for one party or the other. Sympathy is a common, human emotion. The law does not expect you to be free of such normal reactions. However, the law, and your oath as jurors, require you to disregard sympathy and not to permit it to influence your verdict.

It is your duty to weigh the evidence, decide the disputed questions of fact, apply the instructions of law to your findings and render your unanimous verdict accordingly. Your duty, and oath, as jurors is to arrive at a fair and just verdict.

Your initial conduct upon commencing deliberations is a matter of importance. It is not wise to immediately express a determination or to insist upon a certain verdict. Having so expressed yourself, your sense of pride may be aroused, and you may hesitate to give up your

position even if shown that it is not correct.

Consult with one another in the jury room and deliberate with a view to reaching an agreement if you can do so without disturbing your individual judgment. Each of you must decide the case for yourself. You should do so, however, only after a discussion of the case with the other jurors. Do not hesitate to change an opinion if you become convinced that it is wrong. However, you should not surrender your considered opinion in order to be congenial or to reach a verdict solely because of the opinions of the other jurors.

### Evidence in Electronic Format

Exhibits received in evidence capable of being displayed electronically will be provided to you in that form. You will be able to view them in the jury room. Necessary equipment will be available to you in the jury room.

A court technician will show you how to operate the equipment and how to locate and view the exhibits on the equipment. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the Court Security Officer. If you need additional equipment or supplies or if you have questions about how to operate the equipment, you may send a note to the Court Security Officer, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires maintenance or instruction, a court technician may enter the jury room with the Court Security Officer present for the sole purpose of solving the technical problem. When the court technician or any non-juror is in the jury room, the jury must not deliberate. No juror may say anything to the court technician or any non-juror other

than to describe the technical problem or to seek information about operating the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the equipment in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the equipment for any other purpose. At my direction, technicians have taken steps to ensure that the equipment does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the equipment to obtain access to such materials. If you discover that the equipment provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.

Do not remove the equipment or any electronic data from the jury room, and do not copy any such data.